**MEMO ENDORSED**

TOBIAS LAW FIRM, P.C.
600 THIRD AVENUE
15TH FLOOR
NEW YORK, NEW YORK 10016
TEL. (212) 661-5460   FAX (212) 557-9616

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/6/07

DAVID G. TOBIAS                                      dtobias@tobiaslawpc.com

June 29, 2007



RECEIVED
JUL 02 2007
CHAMBERS OF
P. KEVIN CASTEL
U.S.D.J.

BY FEDERAL EXPRESS
AIR BILL #7917 1461 9699

Hon. P. Kevin Castel
United States District Judge
United State Courthouse
Southern District of New York
500 Pearl Street, Room 2260
New York, New York 10007

    Re:   **Norman D. Lifton Company, Inc. v. Mercier Wood Flooring, Inc. and Bayard Sales Corp.**
          **S.D.N.Y. 07 Civ. 03134 (PKC)**

Dear Judge Castel:

    My firm is counsel to defendant Bayard Sales Corp. ("Bayard") in the referenced case. Pursuant to your Individual Practices 2(A)(1), this letter is to request a pre-motion conference to discuss Bayard's moving, pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss plaintiff Norman D. Lifton Co., Inc.'s ("Lifton") complaint. Bayard's time to answer or move runs July 6, 2007 and the initial pre-trial conference in this case is scheduled for July 20, 2007 at 2:00 p.m.

    According to Lifton's complaint, it is a distributor of wood flooring (and other products) and defendant Mercier Wood Flooring, Inc. ("Mercier") is a wood flooring manufacturer. This case revolves around Lifton's contentions that Mercier and Bayard, another distributor of wood flooring (and other products), conspired against Lifton to prevent Lifton from selling Mercier products at discounted prices, and that Lifton was ultimately terminated as a distributor of Mercier products because it refused to raise its prices.

    Lifton asserts six causes of action in its complaint against Bayard: a Sherman Act, Section 1 claim of per se price fixing; a related New York Donnelly Act claim; a New York General Business Law §349 claim; a tortious interference claim that Bayard tortiously interfered with Lifton's existing and/or prospective business relationship with Mercier; a tortious interference claim that Bayard purportedly interfered with Lifton's existing and/or prospective business relations with unnamed retailers; and an unjust enrichment claim.

Hon. P. Kevin Castel
June 29, 2007
Page 2

      Based on the U.S. Supreme Court case of Leegin Creative Leather Prod., Inc. v. PSKS, Inc., ___ S. Ct. ___, 06-480, 2007 WL 1835892 (U.S. Sup. Ct. June 28, 2007), a vertical resale price maintenance agreement ("RPM"), like that alleged by Lifton, is governed by the rule of reason and not per se liability, and thus Lifton's claim should be dismissed. The issue of whether a RPM is per se illegal was squarely before the U.S. Supreme Court in Leegin.

      In Leegin, PSKS, a Texas retailer, sued Leegin, a California manufacturer of women's hand bags, after Leegin stopped supplying PSKS because PSKS had discounted some of Leegin's hand bags. A U.S. District Court jury in Texas found that Leegin was enforcing a RPM it had with some of its retailers and awarded PSKS approximately $4 million. The U.S. Fifth Circuit Court of Appeals reluctantly upheld the judgment against Leegin based on the 1911 Supreme Court case of Dr. Miles Med. Co. v. John D. Park & Sons Co., 220 U.S. 373 (1911). However, the Supreme Court has now reversed the Fifth Circuit and the District Court in Texas, and remanded the Leegin case to the District Court. The Court has gone so far as to overrule Dr. Miles. Leegin, supra, 2007 WL 1835892, at *20.

      Moreover, under a rule of reason standard, Lifton has not stated a claim since it has not identified the relevant product market, how the alleged violation is restraining trade in the relevant market, and that there is no reasonable alternative source of wood flooring products available to consumers in the relevant market. Granite Partners LP v. Bear Stearns & Co., Inc., 17 F. Supp. 275, 295-296 (S.D.N.Y. 1998). In its complaint, Lifton itself mentions wood flooring products manufactured by Mirage and Hartco, Mercier competitors. As this Court knows, the touchstone of antitrust law is protecting interbrand, not intrabrand, competition. See, Leegin, supra, 2007 WL 1835892, at *12.

      To the extent the Section 1 claim is dismissed, the Donnelly Act claim should be dismissed since that act was modeled on the Sherman Act and has been construed to encompass only those causes of action falling within the Sherman Act. Yankees Entertainment and Sports Network, Inc. v. Cablevision Systems Corp., 224 F. Supp. 2d 657, 677 (S.D.N.Y. 2002). In relation to Lifton's tortious interference with contract claims against Bayard, Lifton does not allege it had written agreements with Mercier or the unnamed retailers, and does not allege specific duration or termination provisions for these agreements. Therefore, these claims are patently insufficient. Gen. Obl. Law §5-701(a), N.Y. U.C.C. §2-201(1), United Magazine Co. v. Murdoch Magazines Distribution, Inc., 146 F. Supp. 2d 385, 403-405, 407-408 (S.D.N.Y. 2001) and Flash Electronics, Inc. v. Universal Music & Video Distr. Corp., 312 F. Supp. 2d 79, 405-406 (E.D.N.Y. 2004).

      As to Lifton's tortious interference with prospective business relationship claims against Bayard pertaining to Mercier and the unidentified retailers, these relationships could only be tortiously interfered with by "wrongful means." The only arguably wrongful means alleged against Bayard is the antitrust violation. Flash, 312 F. Supp. 2d, at 404. Thus, to the extent the Section 1 claim should be dismissed, the tortious interference claims must be dismissed as well.

Further, Lifton misuses GBL §349, which is titled, "Consumer Protection From Deceptive Acts and Practices," a consumer protection statute intended for modest, recurring consumer transactions usually involving misleading advertising. In contrast, the acts Lifton challenges involved non-consumer, commercial transactions, for substantial sums of money, between significant business entities with knowledgeable representatives. Thus, this claim must also be dismissed. Genesco Entertainment v. Koch, 593 F. Supp. 743, 751-752 (S.D.N.Y. 1984).

Finally, Lifton's unjust enrichment claim against Bayard sounds in "quasi contract." This cause of action, like all the others Lifton asserts against Bayard, must fail because Lifton has not alleged that it had any direct dealing or an actual relationship with Bayard. In re Motel 6 Sec. Litig., 93 Civ. 2183, 1997 WL 154011, at *7 (S.D.N.Y. April 2, 1997).

Respectfully Submitted,

By _____
David G. Tobias (DT-3284)

DGT:em
cc: Ira N. Glauber, Esq. – Federal Express (Air Bill #7996 6772 8183)
    Jaffe & Asher LLP
    Attorneys for Plaintiff
    Norman D. Lifton Company, Inc.

    Stephen D. Straus, Esq. – Federal Express (Air Bill #7917 1463 8076)
    Mark H. Froelich, Esq.
    Traub Eglin Lieberman Straus, LLP
    Attorneys for Defendant
    Mercier Wood Flooring, Inc.

*[Handwritten annotation:] Bayard's time to answer motion extended to a date to be set at the July 20 conference. Plaintiff's counsel should fax a letter to Chambers responding to defendants' arguments by July 13. SO ORDERED [signature] USDJ 7-5-07*